**People of the State of Illinois, Appellee, v. Robert V. Cole, Defendant-Appellant.**

**Gen. No. 67–77.**

Fifth District.

July 29, 1968.

Appeal from the Circuit Court of Saline County, First Judicial Circuit; the Hon. HARRY L. McCABE and the Hon. JACK C. MORRIS, Judges, presiding.

Harris, Holbrook & Lambert, of Marion, for appellant.

Archie Bob Henderson, Assistant State's Attorney of Saline County, of Harrisburg, for appellee.

MORAN, J.

Defendant appeals from a jury verdict finding him guilty of resisting a peace officer (§ 31–1, c 38, Ill Rev Stats 1965) for which a judgment and sentence of one year in the Illinois State Penal Farm and a fine of Five Hundred Dollars ($500) and costs were entered.

A complaint for resisting arrest was filed with the State's Attorney of Saline County in February of 1967 against the defendant by a Harrisburg City Policeman. Complainant alleged that he arrested defendant at the Amvets Club on the afternoon of February 10, 1967, for intoxication after receiving a call for aid from the proprietors of the club. Defendant Cole was driven by the arresting officer to the police station where the car was parked at the rear of the station and both defendant and the officer alighted from the car from opposite sides. The two walked to the rear of the car whereupon defendant Cole struck and hit the officer in the face. After a struggle, complainant, with the help of a second peace officer, was able to subdue defendant and confine him in a jail cell.

On February 14, 1967, the complaint was filed and that same day defendant was arraigned and entered his plea of not guilty. A pretrial hearing was held on April 5, 1967, in the Circuit Court of Saline County at which the following discourse transpired:

COURT: "You are here for a pretrial not a trial, do you have an attorney?"

A. "No I am not able to hire an attorney."

COURT: "What does the State recommend on this case?"

Assistant State's Attorney: "The State is going to recommend that he go to Vandalia."

COURT: "Do you have a job?"

A. "B & W Water Works."

Q. "How much do you make?"

A. "$2.53 an hour."

COURT: "We can't appoint an attorney for you making that much an hour."

A. "I have been off on this leg for five weeks making $42 a week insurance. I might be off a couple more weeks. At this time I have

got to have an attorney. I can't make it by myself. I went to ——— and he said I would have to have one hundred dollars ($100) and I don't have one hundred dollars ($100). I tried to get an attorney. I am not working now, I can't work with this leg. I make $2.53 an hour when I am working, I am making $42 a week now insurance. I may be off a couple more weeks. I hope to go back to work Monday, I have been off six weeks."

COURT: "We can't very well appoint an attorney for you and pay him out of the County's funds if you are employed. You are not going to trial until May."

Assistant State's Attorney: "It will be in the first week in May. It will be set Tuesday, May 2, 1967, on the charge of Resisting a Peace Officer."

A. "Will I get notice?"

COURT: "No this is your notice."

Defendant Cole represented himself at the trial on May 2, 1967. He cross-examined the State's two witnesses and testified in his own behalf in an attempt to interpose evidence of self-defense. The jury retired following final argument and returned with a verdict of guilty. The court heard evidence in aggravation and mitigation of the sentence and subsequently imposed the maximum penalty of one-year confinement in the Illinois State Penal Farm, plus a fine of Five Hundred Dollars ($500) and costs. This court considered and granted defendant's petition for leave to appeal and for appointment of counsel.

Among other contentions, appellant argues the trial court erred at the pretrial hearing on April 5, 1967 in failing to find that defendant was indigent and thereby appoint counsel to represent defendant. We agree.

The issue of a criminal defendant's right to counsel and constitutional right to appointment of counsel was directly before the United States Supreme Court in the 1962 case of Gideon v. Wainwright, 372 US 335, 9 L Ed2d 799, 83 S Ct 792. There the court remarked that ". . . reason and reflection require us to recognize that in our adversary system of criminal justice, any person haled into court who is too poor to hire a lawyer, cannot be assured a fair trial unless counsel is provided for him." Id. at 9 L Ed2d 805. The same court in Powell v. Alabama, 287 US 45, 77 L Ed 158, 53 S Ct 55, commented: "The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel. Even the intelligent and educated layman has no skill in the science of law. . . . He requires the guiding hand of counsel at every step in the proceeding against him." Id. at 77 L Ed 170. Section 113–3(b), chapter 38, Ill Rev Stats 1965, provides that, "In all cases except where the penalty is a fine only, if the court determines that the defendant is indigent and desires counsel, the Public Defender shall be appointed as counsel."

██ Our own Supreme Court was not unmindful of the clear and forceful language employed in Gideon and Powell, when the court recently remarked, "The obvious purpose of our statute is to protect the rights of an accused from being impaired by the absence of legal counsel." People v. Rebenstorf, 37 Ill2d 572, 575, 229 NE2d 483. This being the thrust of our law concerning appointment of counsel for the indigent, the issue of a court determination of indigency is a delicate matter and must be delicately decided, always with an eye toward protection of the rights of the accused from any possible impairment.

Formerly, our courts were required to provide counsel for a criminal defendant upon his request and his oath that he was unable to procure counsel (a condition that

would have been fulfilled in the instant case). See chapter 38, paragraph 730, Ill Rev Stats 1961, and People v. Bassinger, 403 Ill 108, 85 NE2d 758; People v. Garrett, 43 Ill App2d 183, 193 NE2d 229. Having now entrusted the determination of indigency to the discretion of the courts, the law nonetheless requires a high degree of care and the punctilio of discretion.

In the instant case the court was advised that the State recommended confinement in the penal farm for defendant when it initiated its brief investigation into defendant's ability to engage an attorney to defend him. The facts disclose the defendant was at one time employed at $2.53 an hour but for the five weeks prior to the pretrial hearing he was unemployed because of an injured leg and was drawing insurance of $42 per week. During this period defendant approached an attorney to acquire his services in defending the case but stated he did not have the $100 fee requested by the attorney to retain him. The prospect of defendant soon commencing employment was inconclusive.

Despite defendant's specific request for appointment of counsel the court decided he was employed and refused his request, conducting no further inquiry as to the size of defendant's family, the number of dependents he was supporting with the $42 a week insurance payment or the possibility of other income.

In sharp contrast to the actions of the court in the instant case, the trial court in People v. Rebenstorf, supra, chose to appoint counsel for a defendant charged with theft where defendant did not request appointed counsel, but where the court anticipated his inability to engage legal assistance. The court in that case advised defendant that such counsel would be withdrawn if plaintiff engaged an attorney. The Supreme Court lauded the action of the trial court and in finding that the entry of a not guilty plea for defendant at the arraignment where counsel was

appointed was not error, the court said, "The action of the court here in appointing an attorney for the defendant served to insure the protection of his rights and the entry of the not guilty plea in no way disadvantaged him." 37 Ill2d 572, 575, 229 NE2d 483. The Supreme Court later considered defendant's assignment of error that he should have been represented by counsel at the hearing to determine whether he was indigent in respect to acquiring an attorney for appeal. In noting that a hearing to determine indigency is not an adversary proceeding but an inquiry by the court to determine the facts supporting or rejecting a finding that defendant is an indigent entitled to proceed with appointed counsel, the Supreme Court placed heavy emphasis upon the facts that defendant never requested appointment of counsel, had sufficient funds to retain an attorney ($1,200), and indicated his desire to retain private counsel in holding that the trial court did not abuse its discretion by denying appointed counsel to perfect defendant's appeal.

The evidence in the present case clearly shows an abuse of discretion in the court's denial of appointed counsel to defendant Cole where he requested such appointment, made a specific attempt to retain counsel, and had insufficient funds to engage the assistance of a lawyer. In effect, the court made a finding that defendant was not indigent on the issue of ability to acquire a defense attorney when the manifest weight of the evidence disclosed his inability to do so.

It should not be pretended that this error was a harmless one. With the aid of counsel it is at least arguable that defendant could have established a better case of self-defense, certain testimony in the record by the State's witnesses could have been objected to, if not excluded, and even were the verdict to result similarly, defendant would have been afforded a better chance to mitigate the sentence.

By virtue of our holding in this case, further examination of error alleged by appellant is unnecessary.

For the foregoing reasons, the judgment of the Circuit Court of Saline County is reversed and this case is remanded for a new trial and for further proceedings not inconsistent with this opinion.

The court wishes to thank appointed counsel for an excellent presentation of the issues.

Reversed and remanded with directions.

GOLDENHERSH and EBERSPACHER, JJ., concur.