**People of the State of Illinois, Plaintiff-Appellee,
v. Robert H. Rosen, Defendant-Appellant.**

**Gen. No. 70–19.**

Fifth District.

August 7, 1970.

Dick H. Mudge, Jr., of Edwardsville, for appellant.

R. W. Griffith, Jr., State's Attorney of Madison County, of Edwardsville, and Ben Allen, Assistant State's Attorney, for appellee.

EBERSPACHER, J.

This is an appeal from the lower court conviction for the offense of "driving while intoxicated" in violation of

chapter 95½, section 144, Ill Rev Stats. The charge was set out on an Illinois Uniform Traffic Ticket and Complaint. Defendant, unaccompanied by counsel, pleaded not guilty and was found guilty by the court and given a one-year sentence to be served at the Illinois State Farm at Vandalia.

The following issues are raised on this appeal:

(1) Did defendant waive a trial by jury?

(2) Should defendant have been advised of his right to request a verified complaint?

(3) Did defendant waive his right to counsel?

(4) Was defendant deprived of a legal hearing in aggravation and mitigation?

We note that no record of the lower court proceedings is presented for our consideration other than an "Abstract of Trial Proceedings" prepared and filed by the State four months after the notice of appeal. It purports to set forth the procedure in the trial court and is certified as true by the trial judge. There is nothing to show that it is in compliance with Supreme Court Rule 323(c), (c 110A, § 323(c), Ill Rev Stats), or that from such "Abstract of Trial Proceedings" the issues raised by defendant could be resolved. Defendant has moved to strike this Abstract of Proceedings which motion we have taken with this case, which motion we grant. The only other record is that of a transcript of proceedings on a hearing on a motion to set aside and vacate the judgment, conviction and sentence rendered on November 26, 1969, and a common-law record. From these we are unable to determine any of the above issues. The motion to set aside was denied, and this appeal results.

The parties agree that no Record of Proceedings was made in the trial court. With reference to the issues raised on appeal, the common-law record shows the following docket entry:

"And now on this day, defendant appeared in open court and was advised of the charge against him. (47 U. A. R. T.) Defendant's age: 26. Defendant pleaded not guilty. Witnesses sworn, evidence presented. The Court found the defendant guilty as charged. Hearing had in mitigation and aggravation. The Court sentenced defendant to one (1) year at the State Farm in Vandalia. Mittimus to issue. Clerk to deduct costs from Bond."

The common-law record also contains the Illinois Uniform Traffic Ticket and Complaint, on the reverse of which is a place at which it is to be indicated whether defendant waived trial by jury and a line for the signature of the person charged. Whether defendant waived trial by jury is not indicated and it does not bear defendant's signature.

Our Criminal Code provides:

"Every person accused of an offense shall have the right to a trial by jury unless understandingly waived by the defendant in open court." Chapter 38, section 103–6, Ill Rev Stats 1969.

The rule applies to misdemeanors, as well as felonies. In Callan v. Wilson, 127 US 540, 32 L Ed 223, 8 S Ct 1301, the United States Supreme Court declared that the Sixth Amendment right to jury trial "is not to be construed as relating only to felonies, or offenses punishable in the penitentiary. It embraces, as well, some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen." That language was quoted by the United States Supreme Court as recently as June 1970, in Baldwin v. New York, 399 US 66, 26 L Ed2d 437, 90 S Ct 1886, 1889. And even in cases in which the defendant is represented by counsel, "It has been repeatedly held that it is the responsibility of the trial

judge to insure that the waiver of a jury trial is knowingly and understandingly made." People v. Brownlow, 14 Ill App2d 458, 252 NE2d 685. In that case, the trial court directed no questions regarding the waiver and upon being advised by the attorney that the jury was waived, immediately proceeded with the trial. In People v. Cowart, 51 Ill App2d 388, 201 NE2d 153, there was no affirmative showing in the record that the defendant expressly and understandingly waived his right to a jury trial, and the Court reversed the judgment and remanded for a new trial, stating that the inconvenience to the State in reprosecution was a small price to pay for the assurance that the accused had been accorded his right to trial by jury. Similar results have been more recently reached in People v. Rambo, 123 Ill App2d 299, 260 NE2d 119, and in People v. McKinney, 126 Ill App2d 339, 261 NE2d 797.

■ Waiver of the right to be tried by a jury cannot be presumed from a silent record. Boykin v. Alabama, 395 US 238, 243, 23 L Ed2d 274, 89 S Ct 1709, 1712. We will, therefore, not presume that the waiver of so basic a right has been intelligently and understandingly made from a record that does not reflect the questions regarding the waiver and the responses thereto.

As we said in People v. McKenzie, 89 Ill App2d 157, 231 NE2d 702, "Where there is a material question in controversy upon a material issue and the record fails to disclose all the evidence on that issue, this Court has the power to reverse the judgment and remand the case for further evidence." See People v. McGrath, 85 Ill App2d 388, 229 NE2d 14.

■ Since the record submitted to us does not affirmatively show that defendant knowingly and understandingly waived trial by jury, we are compelled to reverse the judgment of the trial court and remand the case for a new trial.

Our decision on this issue makes it unnecessary to consider the remaining issues; but by failing to do so we do not ignore their importance in cases which "may involve the deprivation of liberty of the citizen."

Judgment reversed and cause remanded.

GOLDENHERSH and MORAN, JJ., concur.