THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GLENN A. GUSTAVSON *et al.,* Defendants-Appellants.

(No. 70-143; 

Third District—May 11, 1971.

Marshall E. Douglas, of East Moline, for appellants.

Henry D. Sintzenich, State's Attorney, of Macomb, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendants Glenn A. Gustavson, age 19, and Walter Gibe, age 20, both students at Western Illinois University at Macomb, Illinois, were charged in an information with the theft of property of less than $150 in value (1969 Illinois Revised Statutes, ch. 38 par. 16—1(a)). The informa-

tion, which was handed to defendants on the day of their arraignment on December 17, 1969, charged that they had, on December 10, 1969, committed the theft of one spruce tree of the value of approximately $127.70. Both defendants requested appointment of counsel for them since they were college students and unemployed, and had no money with which to pay for the services of an attorney. The trial judge, however, asserted that because their parents, with whom the boys lived when they were not in college, were charged with the responsibility of paying for legal services for defendants, he would deny appointment of counsel as to defendants. Defendant Gustavson's parent is his widowed mother who pays part of his expenses of attending the university. Defendant Gibe's parents pay most of his expenses of going to college. The students stated that their parents could not or would not provide attorneys for them. Defendants asserted that they had no way of getting any money to pay attorneys. Defendants thereupon entered pleas of guilty. The court thereafter admonished defendants concerning their pleas of guilty, and defendants immediately withdrew such pleas and the court set the case for trial. Defendants then had a conference with an arresting officer. The sheriff, who was present at the conversation, stated that he thought defendants actually wanted to plead guilty and ask for probation, and were told that by pleading not guilty and asking for a jury trial they were not going to get probation. He also stated that the defendants were confused and had never been in court before. The lieutenant in the sheriff's office stated that he could advise the court or the State's Attorney's office what the boys wanted if they wanted to come back in court, which they did. The defendants then withdrew their not guilty pleas, and pleaded guilty, but when the court asked whether they wished probation they stated that they did not wish to ask for probation.

The trial court then placed each defendant upon probation but ordered each defendant to serve 21 days in the common jail of McDonough County. Thereafter, a petition was filed by counsel for defendants to set aside the pleas of guilty entered and the sentences imposed on such pleas. A hearing was held on such petition. Following such hearing, the trial court denied the relief requested in the petition. Defendants assert in this Court that the court erred (1) in failing to appoint counsel for them at the time of arraignment, and (2) in accepting their pleas of guilty and, thereafter, in refusing to set aside the pleas of guilty, which, defendants' contend, were neither knowingly nor voluntarily given. The parents of defendants had retained counsel to represent their sons in the supplementary proceeding.

On behalf of the State it is contended that the question of defendants' right to counsel is "moot" for the reason that defendants in fact were represented by private counsel upon the post-trial petitions and in the appeal to

this Court, and were, therefore, not truly indigent. The prosecution also contends that, by reason of the fact that defendants were guilty of the offense charged, the court properly exercised discretion in denying the withdrawal of the guilty pleas.

It is apparent, from the record in this cause, that the question of appointment of counsel and of the entry of the guilty pleas were closely related. Defendants had no legal advice or counsel at the time of the entry of the pleas.

■■■ The courts view failure to appoint counsel for indigent defendants, in all circumstances where there is a question of indigency, as a serious deprivation. As indicated in *People v. Eggers*, 27 Ill.2d 85, 188 N.E.2d 30, failure to appoint counsel for a defendant simply because defendant has spent a certain sum of money for bond could become reversible error. In the cause before us, the court apparently refused to appoint counsel for defendants on the premise that the parents of defendants may have had funds with which to hire an attorney, even though the record, as established in the cause, indicated that the defendants were without funds. The parents of defendant Gibe had indicated that they would not provide an attorney for him, and the widowed mother of defendant Gustavson had relied upon the impression, which Gustavson had, that the court would appoint counsel for him. The court made no effort to continue the matter so that both the parents and defendants could confer and clearly understand the status of defendants in this case. In view of the record made in this cause, we believe it was reversible error for the court to refuse to appoint counsel for defendants. We have so indicated even though this question of defendant's right to court-appointed counsel will not recur upon remandment of this cause. The failure to appoint counsel, however, was a significant factor in the entry of the pleas of guilty in this cause.

■■ It was also apparent that the pleas of the defendants were not knowingly or voluntarily given and that defendants were incapable of representing themselves during the arraignment. It was likewise apparent from the record that defendants had the impression, as the result of conferences with the sheriff or the lieutenant, that a predetermined disposition would be made of the case which would not involve imprisonment. This is indicated by the fact that when defendants learned that the arresting officer had nothing whatever to say to the court (when defednants were first in the courtroom) they immediately requested a jury trial. Thereafter, when they discussed the matter with the sheriff, they returned to court and again asked to be allowed to plead guilty, still apparently under the misapprehension that a disposition without imprisonment would be made with respect to their cases. This also apparent from the fact that they stated they did not think they wanted to ask for probation. Neither defendant was

familiar with courtroom procedures. The sheriff and the lieutenant both indicated that the boys clearly misunderstood court procedure, including probation procedure. Under the provisions of 1969 Illinois Revised Statutes, ch. 38 par. 113–4(c), it is expressly provided that after the court has explained the consequences of a plea of guilty and the maximum penalty provided by law for the offense, only if defendant "understandingly persists in his plea" shall it be accepted by the court. On the basis of the record, it is clear that defendants did not understandingly persist in the pleas of guilty. There was neither the requisite understanding nor was there persistence in adhering to such plea.

■■ In view of the record, it is clear that the withdrawal of the pleas of guilty should have been allowed in this case. In the case of *People v. Walston*, 38 Ill.2d 39, 230 N.E.2d 233, the Supreme Court of this State discussed with approval the standards concerning withdrawal of pleas of guilty as promulgated by the Advisory Committee on Criminal Trial of the American Bar Association Project on Minimum Standards for Criminal Justice. In the standards, it specifically provided that the court should allow a defendant to withdraw his plea of guilty whenever the defendant proves that withdrawal is necessary to correct a manifest injustice. Among the elements to be considered in determining whether there was a manifest injustice, is the denial of effective assistance of counsel guaranteed to a defendant by constitution, statute or rule. It is also noted that a defendant may move for a withdrawal of a plea of guilty without alleging that he is innocent of the charge to which his plea has been entered. We, therefore, conclude that the trial court should have allowed the defendants to withdraw the pleas of guilty on their petitions and that it was error to deny such petitions.

The prosecution contends that, because defendants were in fact guilty of the petty theft referred to, they should not be allowed to withdraw their pleas of guilty. As stated in *People v. Long*, 346 Ill. 646, 178 N.E. 918, whether a defendant's defense would have availed him anything is immaterial. Defendant is entitled to his day in court and this right exists for both the innocent and the guilty. Defendants should have a full opportunity to present, through counsel, such defenses as they may desire to make to the charge.

The judgment of the Circuit Court of McDonough County is, therefore, reversed and this cause is remanded to such court with directions to permit defendants to withdraw their pleas of guilty and for such further proceedings as are consistent with the views expressed in this opinion.

Reversed and remanded.

STOUDER and SCOTT, JJ., concur.