THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY ROBERTS, Defendant-Appellant.

(No. 11626;

Fourth District—June 12, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac, (Richard E. Scott, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant appeals from a sentence of from 2 to 5 years in the penitentiary upon his plea of guilty to an information charging escape from Pontiac State Penitentiary. On his appeal, he asserts that he did not understandingly waive his right to indictment by a grand jury and that certain remarks of the trial court effectively coerced a plea of guilty.

On September 26, 1969, an information was filed charging the defendant with the offense of escape as the same is defined in Ill. Rev. Stat. 1969, ch. 38, sec. 31—6(a). Thereafter, on the 23rd of October, 1969, counsel was appointed, and the matter was continued to October 28, 1969. On that date, the People filed a motion asking leave to file an amended information. Leave was granted. The amended information was filed again charging the offense of escape. The amended information, however, asserted a violation of sec. 121 of ch. 108, Ill. Rev. Stat.—a substantial difference being that under the latter provisions of the statute relating to penitentiaries, the offense of escape provides for a mandatory consecutive sentence in the event of conviction. Counsel appointed by the court for defendant made no objection to the filing of the amended information. On the October 28 date, the record indicates the following with reference to the court's admonition as to the right of defendant to be indicted by a grand jury:

"The court: Court admonishes defendant as to waiver of indictment. First, Defendant given copy of amended information.

Before asking you to plead either guilty or not guilty you understand what you are doing by waiving the right to be indicted? Did I explain that to you previously?

Defendant: Yes, it was explained to me.

The court: You are in much the same position as you would be if the grand jury had been recalled and you were indicted. You can either plead guilty or not guilty and have all the same rights you would have if you were being prosecuted under an indictment.

You understand that, do you?

Defendant: Yes."

Also, on that date, the defendant signed a written waiver of the right to indictment, but there is no indication as to what point in the proceedings he signed it. On the 28th, the defendant entered a plea of guilty. That plea was accepted, hearing in aggravation and mitigation was held, and the court imposed the referred-to sentence of not less than 2 nor more than 5 years consecutive with the sentence then being served by the defendant.

So far as is relevant to this proceeding, the Supreme Court rule then applicable provided, in substance, that the trial court should not permit a waiver of indictment unless the court finds from proceedings had in open court at the time the waiver is sought to be made that the accused understands he has a right to be held to answer for the offense on indictment by a grand jury and has understandingly waived that right and consented to prosecution by information. The inquiries of the court and the answers of the accused to determine whether he understands his right to grand jury indictment were required by the rule to be taken and transcribed and filed as part of the common law record in the proceeding.

■■ It is the purpose of this rule which relates to waiver of indictment as well as waiver of jury trial and the right to counsel to require that the trial court explain the respective rights and ascertain from inquiries made in open court that the defendant knowingly waives the respective rights. (See *People v. Stevens*, 68 Ill.App.2d 265, 215 N.E.2d 147.) In this case, defendant was represented by counsel and the trial court did mention but did not explain the right to grand jury indictment. The defendant executed a written waiver. However, the purported admonition by the trial court does not explain the right to indictment by grand jury except by reference to a purported prior explanation which, if there was one, is not in this record. In *People v. Rambo*, 123 Ill.App.2d 299, 260 N.E.2d 119, the court was faced with the problem of a waiver of a jury trial by a minor defendant wherein the court explained the right to the jury trial but never ascertained by inquiry of the defendant if he wished to waive that right. A written waiver was executed and the defendant had counsel. The court reversed the conviction noting that signing a printed form has become such a routine formality that a perfunctory signing without proof that the same was read and understood by the defendant cannot be accepted as a substitute for an express waiver understandingly made after close interrogation by the court. In *People v. Gaston*, Ill.App.2d, 270 N.E.2d 846, there was a signed jury waiver but the record did not show an expression on the part of the defendant that

he desired to waive a jury trial and that he did so understandingly and voluntarily.

██ Inferences can be drawn from this record to the effect that grand jury indictment was waived and the plea of guilty entered, hearing in aggravation and mitigation held, and sentence imposed on October 28 as a result of plea negotations or plea bargaining. Such inferences would have to be based, however, upon the time element and the reference in the record to off-the-record discussion. A waiver of the right to indictment by a grand jury, particularly in view of the amended information charging an offense mandating an enhanced penalty, cannot be predicated upon such inference. The Supreme Court Rule then applicable casts the burden upon the trial court in mandatory language not to permit a waiver of indictment except under the circumstances indicating substantial compliance with the rule. There was no such compliance here and such requires a reversal of this conviction and a remandment to the circuit court of Livingston County for further proceedings.

The amended Information in this case charges what purports to be a different offense for the same conduct but with a mandatory consecutive penalty. The offense designated under the Penitentiary Act ante-dates the Criminal Code of 1961 defining the offense of escape constituting the same conduct but providing for different sentencing structure. The original Information charging an offense under the Criminal Code was not "amended" within the contemplation of an amendment made under and pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 38, par. 111—5. There was no motion made to withdraw or dismiss the original Information. No issue was made as to the foregoing problems, nor did the procedures followed undertake to require an election, if indeed an election was properly available.

Thus, while the deficiencies in this record as to admonition require a reversal and a remandment for further proceedings, such does not preclude a presentation to and determination by the trial court of the other issues that were not initially resolved there. The judgment of the circuit court of Livingston County is reversed and this cause is remanded to that court for further proceedings.

Reversed and remanded.

TRAPP, P. J., and SMITH, J., concur.