THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GARY LONG, Defendant-Appellant.

(No. 74-110;

Third District—April 11, 1975.

458

James Geis and Mary Robinson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Michael T. Neese, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Gary Long appeals from a conviction based on his guilty plea to a charge of theft of a check having a value of less than $150. Following such conviction he was sentenced by the Circuit Court of Will County to 2-years' probation, with the condition that 140 days be served at the Illinois State Farm at Vandalia. This court, thereafter, modified the sentence on petition of defendant, in accordance with the provisions of the Unified Code of Corrections then in force (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). The sentence was modified to probation without incarceration. Sentence modification was made without prejudice to the consideration of any issue otherwise preserved for appeal in this cause.

On appeal now in this cause, defendant contends that the conviction should be reversed because (1) the defendant was denied due process and equal protection of the law, because of Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402) which denied him a verbatim transcript of his guilty plea proceedings only because he was an indigent misdemeanant, and (2) the record fails to indicate compliance with Illinois Supreme Court Rule 402.

On the issue of failure to supply a verbatim transcript, we should first point out that the record indicates that no verbatim transcript of the proceedings exists. The proceedings were summarized in the following docket notation:

"The defendant is then called upon to plead to the offense of theft in Count One of the amended complaint and the parties represent to the Court that they have reached a mutual disposition to said Count One through plea bargaining and represent their arrangement to the Court at which time the defendant informs the Court he intends to plead guilty to the offense of theft, Misdemeanor in the manner and form as charged in Count One of the Complaint. The Court fully explains to the defendant the penalty provided by law for the offense charged in Count One in the Complaint as amended and his right to trial by jury and after said explanations, the Court finds the defendant knowingly and understandingly persists in his plea of guilty and waiver of jury trial pursuant to the plea bargaining of the parties. The Court finds that the defendant admits the truth of the charge alleged and states the factual basis thereof to the Court. The Court finds the defendant to be 20 years of age and the Court accepts the

written plea of guilty and waiver of jury trial and enters same of record."

A "Plea of Guilty and Waiver of Jury" form signed by Gary Long also appears in the record.

■■ We need not dwell at length on the issue of the failure to supply a verbatim transcript, since this issue was recently determined by the supreme court of this State following the cases originating in this Court. (*People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398, *aff'd*, 60 Ill.2d 246, and *People v. Hopping*, 16 Ill.App.3d 275, 305 N.E.2d 610, *aff'd*, 60 Ill.2d 246.) As indicated in the *Kline* and *Hopping* cases and in the supreme court opinions, the supreme court concluded, in agreeing with our disposition of this issue, that a verbatim transcript in misdemeanor cases was not necessary to sustain a guilty plea. It was pointed out in *Kline* in both the appellate and supreme court opinions, that under Supreme Court Rule 323 (made applicable to criminal appeals by Rule 612(c)), an alternative method of compiling a report of proceedings is provided for in absence of a stenographic transcript. The defendant had made no attempt to avail himself of this procedure in the instant case. The supreme court of this State held in the *Kline* and *Hopping* cases that neither the State nor Federal constitutions require that defendants in misdemeanor cases be furnished with verbatim transcripts of the proceedings at which they acknowledge their guilt. We discussed the issues quite at length in the *Kline* case in the appellate opinion and further detailed discussion is found in the supreme court opinion in that case. We, therefore, determine it unnecessary to repeat the discussion and analysis in this opinion. It is apparent that the issue raised by defendant as to failure to furnish a verbatim transcript at the hearing on the plea of guilty, therefore, is not a basis for reversal.

■■ Defendant also contends that he is entitled to reversal for the reason that the record fails to show compliance with Illinois Supreme Court Rule 402. It is clear that defendant is required to demonstrate in what way there was a failure of substantial compliance with Supreme Court Rule 402 (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559). He must also show that such failure to substantially comply resulted in prejudice to defendant. (*People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773.) As also indicated in *Krantz*, literal compliance with Supreme Court Rule 402 is not required. Since the only record before the court here is the docket notation, the only issue before us is whether the contents of that docket notation demonstrate a failure to substantially comply with Supreme Court Rule 402, and whether prejudice to defendant was caused thereby. Appellant has the burden of either presenting a sufficient record to discover or demonstrate the alleged noncompliance or being bound by

the necessarily limited disclosures of the docket notation. See *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398, *aff'd*, 60 Ill.2d 246.

■■ From the notations in the record it is apparent, in answer to a contention of defendant, that defendant was sufficiently advised and understood the nature of the charge against him. That defendant understood the nature of the charge, is shown further by the notation that he admitted the truth of the charges and stated the factual basis thereof to the court. To sufficiently advise a defendant of the nature of the charge, a court need not explain each and every element thereof (*People v. Hufford*, 18 Ill.App.3d 646, 310 N.E.2d 216), nor must the court make a personal inquiry of defendant to determine whether he understands (see *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559). It is sufficient if defendant is aware of the essence or general character of the charge. In applying this standard to the cause before us, we conclude that it is shown that appellant was sufficiently advised of the charge against him on the basis of the notations in the record. The record also affirmatively shows, in answer to another contention of defendant, that the plea of guilty was not induced by force, threat or promises other than the plea agreement. In *People v. Ellis*, 59 Ill.2d 255, 320 N.E.2d 15, the supreme court held that while it could not approve of any failure to comply with Supreme Court Rule 402, each such failure does not require a reversal. It is stated in *Ellis*, at page 257:

"If upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement, the error resulting from failure to comply strictly with Rule 402(b) is harmless."

In reviewing the record and applying the *Ellis* standard, we conclude that defendant was not entitled to reversal. Defendant makes no claim that the plea was the result of any threats or force and actually claims no prejudice. He simply asserts that the failure of the court record to show, affirmatively, that the plea was not the result of force or threats in itself constitutes reversible error. That contention was rejected in *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773.

■■ From a review of the record, it appears that the plea was voluntary, and on the basis of the Supreme Court precedents referred to, it is clear that there is no reversible error arising for failure to comply with Illinois Supreme Court Rule 402.

For the reasons stated, the judgment of the Circuit Court of Will County is affirmed.

STENGEL and BARRY, JJ., concur.