THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PETER M. LOSACANO, SR., Defendant-Appellant.

(No. 73-288;

Third District—June 11, 1975.

BARRY, J., specially concurring.
ALLOY, J., dissenting.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Henry Sintezenich, State's Attorney, of Macomb, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Peter Losacano, Sr., defendant, was charged with four offenses of driving while license was revoked. Defendant entered a plea of not guilty to the initial charge, and after a bench trial in the circuit court of McDonough County defendant was found guilty. Subsequently defendant pleaded guilty to the remaining charges, and on September 18, 1973, the court sentenced defendant to four concurrent 1-year terms of incarceration at the Illinois State Farm.

On August 6, 1973, Peter Losacano, appeared in court in response to a complaint issued to him by a police officer charging him with driving while license revoked. Between August 6 and September 10 Losacano was charged with three additional counts of driving while license revoked.

Defendant entered his written plea of not guilty to the initial charge and moved for appointment of counsel. He swore to and filed an affidavit of assets and liabilities. The affidavit showed $12,000 in liabilities, no real assets, no car, no valuable personal property, no bank accounts, no cash on hand, and $1,200-per-month income from defendant's self-employment as a contractor. (Motor vehicles used in his contracting business were apparently in his wife's name.) Defendant's motion for appointment of counsel was denied.

On September 10, 1973, defendant appeared in court and moved for a continuance. The court denied the motion and held a bench trial on the initial charge. Losacano represented himself. An employee of the Secretary of State's office in Springfield and the arresting officers testified for the State. Losacano testified on his own behalf. The court found him guilty.

The assistant State's attorney then advised the court of the three additional charges pending against Losacano. The court continued the case to allow defendant to consult an attorney about whether to plead guilty to the additional charges.

Losacano entered pleas of guilty to these charges on September 18, 1973, and the court then held a sentencing hearing on all four offenses. At the conclusion of the hearing the court sentenced defendant to four concurrent 1-year terms of incarceration at the Illinois State Farm.

■■ Defendant's first assignment of error is his claim that his conviction can not be sustained because of the absence of a verbatim transcript of proceedings required by Supreme Court Rules 401 and 402 (Ill. Rev. Stat. 1973, ch. 110A, pars. 401, 402). As we have previously held in *People v. Hopping*, 16 Ill.App.3d 275, 305 N.E.2d 610, (*aff'd,* 60 Ill.2d 246,) and *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398, (*aff'd,* 60 Ill.2d 246,) such rules at the time of these convictions were not applicable to misdemeanor charges. We hold a verbatim transcript was not required in misdemeanor cases.

■■ In the absence of a verbatim transcript the defendant pursuant to leave granted by this court filed certified bystander's reports. Reports are referred to in plural because each of two judges certified a report relating to the portion of the proceedings in which he participated. Later, the People moved for leave to supplement the record to include other facts or assertions not theretofore presented to the trial court, not included as a part of a bystander's report and not certified by the

trial court. The proposed supplement to the record is in the form of two bystander's reports by the two judges contradicting and expanding the certified bystander's reports. No claim has been made that the bystander's reports filed by the defendant were improperly certified by the trial judges nor is any claim made that the State was deprived of an opportunity to participate in the drafting of such bystander's reports. This motion and the defendant's objections thereto were taken with the case for consideration by our order of June 18, 1974. The People now concede under the authority of *People v. Rosen*, 128 Ill.App.2d 82, 261 N.E.2d 488, the motion to supplement the record is improper, and accordingly such motion is denied.

■■ Defendant's next assignment of error relates to his claim the trial court erred in denying his request for the appointment of counsel to represent him in the trial court. Relying on *People v. Cole*, 97 Ill.App.2d 22, 239 N.E.2d 455, and *People v. Gustavson*, 131 Ill.App.2d 887, 269 N.E.2d 517, the defendant claims the facts disclosed by his affidavit regarding his income and financial condition raised a doubt of his indigency and as a consequence the defendant was as a matter of law entitled to free representation by court-appointed counsel.

■■ While we agree representation by counsel is in misdemeanor cases a fundamental right since *Argersinger v. Hamlin*, 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006, nevertheless the right of representation does not include the right that such representation be afforded without charge to the defendant merely because of the desire therefor by the defendant. Even believing that a liberal policy is appropriate when the question of indigency arises favoring a course of action which will afford representation we agree with the determination of the trial court that the defendant was not indigent, at least in the sense that it would be unreasonable to expect defendant to pay for the services of counsel in view of his income and assets. Unlike the situation in *Cole*, there was no showing by the defendant that he was unable to pay the fees requested by an attorney or that he had even talked to an attorney about fees for his representation, and, in the instant case, the defendant's monthly income was substantial. Accordingly, we find no merit to defendant's contention that the trial court erred in failing to afford him representation without charge.

■■ Nor do we believe the record supports defendant's claim he had not waived his right to be represented by counsel. Defendant's position in this regard seems to be that the trial court did not specifically advise him of his right to be represented by counsel or, more specifically, to be represented by counsel of his own choosing. It is true the bystander's report fails to disclose that defendant was advised of his right to be

represented by private counsel of his choice or that he waived such right. Yet when the record is considered as a whole we believe it conclusively demonstrates that defendant was aware of his right to be represented by an attorney, and making no effort to secure such representation, it can be deemed he waived such right. This is not a case like *People v. Lyons*, 19 Ill.App.3d 294, 311 N.E.2d 370, where the conviction predated *Argersinger v. Hamlin*, 407 U.S. 25, L.Ed.2d 530, 92 S.Ct. 2006, and consequently the court on review applying the *Argersinger* rule retroactively recognized the defendant had not been advised of his right of representation in the event of indigency since such admonition had not theretofore been required. In the instant case defendant was not only aware generally of his right to be represented by an attorney but also to be represented by an attorney appointed by the court for him without charge in the event of his indigency. Such conclusion finds further support in defendant's conduct after he was found guilty of the first charge. Before pleading or taking action with respect to the other charges he was given time to consult with an attorney, and the disposition of such charges was delayed, affording defendant an opportunity to consult with an attorney. Under such circumstances, even in the absence of a specific admonishment, we believe the defendant was aware of his right to be represented by an attorney of his own choice and effectively waived such right.

Defendant next argues he never expressly nor understandingly waived his right to trial by jury during the trial court proceedings. This argument is applicable to two different factual aspects of the case because, as indicated above, the defendant pleaded not guilty to the first charge and guilty to the three subsequent charges.

In response to the first charge defendant first appeared in court on August 6, 1973, and at that time asked for the appointment of counsel and filled out and filed an affidavit relating to his finances. As indicated earlier, defendant's request for appointment of counsel was denied. In the file of the case there is a form dated and filed August 6, 1973, signed by the defendant pleading not guilty and waiving trial by jury. In the bystander's report there is no mention of defendant's execution of this document, and such report is completely silent regarding anything that transpired between court, State's attorney and defendant regarding this written plea and waiver. After his trial before the court without a jury on September 10, 1973, defendant was found guilty, and on the same date the State presented evidence in aggravation of the penalty to be imposed. After presenting such evidence the State advised the court of the pendency of the three additional charges for driving while license revoked, and the defendant was advised he could

have the penalty assessed on all four charges at one hearing. Defendant requested time to consult with an attorney, and the case was continued until the next day. Defendant did not appear in court on the next day, his bond was forfeited and on the following day, September 12, 1973, he appeared in court in custody of the sheriff. The case was continued until September 18, 1973, and on that date defendant testified in his own behalf concerning mitigation of the sentence and indicated his desire to plead guilty to the other three charges. So far as the bystander's report is concerned defendant's pleas were apparently accepted, because he was sentenced to four 1-year concurrent terms at the State farm as recommended by the State's attorney. Again, the bystander's report is silent concerning any admonitions, advice or the waiver of any rights. Specifically the bystander's report is silent concerning any advice about trial by jury or its waiver by defendant or advice concerning any of the other matters quoted in the Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). Recognizing the insufficiencies in the bystander's reports, the State attempted to enlarge the bystander's reports, as we have suggested earlier, by seeking to file uncertified bystander's reports requesting the court to grant the reports the same legal significance as if properly presented to the trial court and certified. As we have earlier indicated in this opinion, the State has now conceded there is no authority in the Rules for filing such bystander's reports and in fact has conceded the record fails to show any admonitions by the trial judge concerning trial by jury either with regard to the contested proceedings or the guilty plea proceedings.

Without distinguishing either the not guilty proceedings or the guilty proceedings, the State has urged that the recent case of *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773, is controlling authority requiring these judgments be affirmed notwithstanding the admitted deficiencies in the procedures as disclosed by the bystander's reports. The only other case referred to our attention by the State is *People v. Morehead*, 45 Ill.2d 326, 259 N.E.2d 8 (also cited in *People v. Dudley*), which announces and applies the rule of harmless error. Before proceeding to consider the cases cited by the defendant and the *Dudley* case relied on by the State, it should be noted the *Morehead* case involved an error regarding the admission of hearsay testimony to which no objection had been interposed and which was extraneous to any issue in the case. Although correctly stating the policy of the law and the role of courts of review, the rule of *Morehead* is one primarily of policy and hence of only general application to a case such as this one where the matter of waiver of substantial constitutional rights is the principal issue.

■■ There can be little doubt but that the right to trial by jury has

a special place in our legal system. There are several recent cases including *People v. McGarry*, 10 Ill.App.3d 570, 294 N.E.2d 718, *People v. Roberts*, 5 Ill.App.3d 840, 284 N.E.2d 298, *People v. Gaston*, 132 Ill. App.2d 900, 270 N.E.2d 846, and *People v. Rambo*, 123 Ill.App.2d 299, 260 N.E.2d 119, which have referred to and applied the well-settled rule that at least in contested cases waiver of trial by jury will not be presumed and such waiver must be expressly and understandingly made before the defendant can be deemed to have waived his right to trial by jury. (See Ill. Rev. Stat. 1973, ch. 38, par. 115—1.) That there may be a written document in the file waiving such right has been held in such cases to be insufficient. Such a document does not indicate defendant was advised of his right to trial by jury, was aware of the nature of the procedures, was aware of the significance of the document which he signed or was intending to waive his rights by signing the document. In our opinion the not guilty plea form filed by the defendant on August 6, 1973, does not comply with the rules regarding waiver of a jury trial, and accordingly we believe the defendant's purported waiver of his right on the first charge is ineffective. Our conclusion in this respect is further bolstered by the fact that at the time the document was filed defendant was not represented by an attorney, and thus it can not be said that his understanding either of his rights or his conduct could have been aided by outside advice.

Our foregoing conclusion is, we believe, consistent with *People v. Dudley*, 58 Ill.2d 57, 316 N.E.2d 773, because of its characterization of those errors which are insufficient to require a reversal of a conviction as "harmless." The opinion in *Dudley*, which as indicated earlier is a guilty plea case dealing specifically with errors in the application of Supreme Court Rule 402, is predicated in express terms upon the defendant's having been represented by counsel and having been advised and thereafter waived his right to trial by jury. Where the record is silent, as it is in this case, of anything from which it can be inferred defendant expressly and understandingly waived his right to trial by jury, we believe such deficiency is not merely error, as conceded by the State in this case, and can not be regarded as merely harmless error having no substantial effect either on the defendant's rights or the propriety of his conviction.

What we have heretofore said about the *Dudley* case as it applied to the jury-trial-waiver question in the charge to which defendant pleaded not guilty is also applicable to those charges to which defendant pleaded guilty. By this we mean that even in guilty plea cases the error in failing to advise the defendant of his right to trial by jury and ascertaining that his waiver thereof is expressed and understandingly

made can not be regarded as harmless error. The right to trial by jury, like the right to be represented by counsel, are of such vital importance that the absence of prejudice can not be assumed where the record fails to disclose their proper waiver. The application of this principle to the instant case finds additional support in the interrelation of the proceedings involved. The matter of the three subsequent charges arose at the conclusion of the bench trial on the first charge, and a combined sentencing hearing was held on all four charges. So far as the bystander's report is concerned it is difficult if not impossible to isolate the guilty plea cases from the one in which the defendant pleaded not guilty. Accordingly, it is impossible to say from the record whether the error concerning defendant's initial waiver of jury did not carry over and become a part of the subsequent proceedings.

Under such circumstances we believe the record, and in particular the bystander's reports, is insufficient to support the convictions in this case. In passing we are also constrained to note that in large measure the difficulties in this case are closely related to the difficulties inherent in bystander's reports where reconstruction is sought weeks or months after the proceedings where the parties are attempting to comply responsibly with the Rule.

For the foregoing reasons each of the four convictions for driving while license revoked entered by the circuit court of McDonough County are reversed and remanded with directions defendant be permitted to plead anew.

Reversed and remanded with directions.

Mr. JUSTICE BARRY, specially concurring:

I concur in Justice Stouder's opinion reversing and remanding the captioned case as it appears from the certified bystander's reports that there was no admonition given to the defendant of his right to a jury trial and waiver thereof other than the inadequate written waiver of a jury trial contained within the body of a standard "Not Guilty" plea form. Had we been able to accept the uncertified supplemental bystander's reports we would not be faced with deciding the issue of whether a proper admonition of the right to a jury trial had been given and whether a valid waiver of that right occurred. Absent a complete report of the proceedings below, that task becomes extremely difficult.

Everyone (our entire panel), agrees that the *certified* bystander's report is silent with respect to any admonitions of defendant's right to a jury trial preceding the defendant's three guilty pleas to driving without a valid driver's license. The dissent suggests that the written waiver form stands as uncontroverted evidence that the defendant waived his right

to a jury trial in the one case in which he pleaded not guilty. Following the thinking of the majority concerning the issue of whether the proper warnings of the defendant's right to be represented by counsel were given, we could also conclude that such a sophisticated defendant familiar with the judicial system knew of his right to a jury trial. He could and probably did waive that right similarly as he did his right to be represented by counsel. But for us to take such a posture would infringe upon the right to trial in the case of the ordinary defendant. When faced with the lack of transcript of the entire proceedings, it, I believe, would be wrong to assume that the proper warning regarding the right to a jury trial had been given.

The "Not Guilty" plea form is not sufficient by itself to constitute a waiver of the right to a jury trial. With the legal importance of the right to a jury trial, I feel we cannot assume a waiver of that right from a silent record and a waiver embodied within such a "Not Guilty" plea form. The lack of a third choice on this form, *i.e.*, allowing the defendant the choice of pleading not guilty and demanding a jury trial demonstrates that the usual form gives an inadequate choice to the average defendant.

Although I feel this defendant was sophisticated enough to know and was therefore actually aware of his right to a jury trial, I believe the adverse effect which might result from agreeing with the dissent by adopting the standard written waiver in the "Not Guilty" plea form should be avoided.

Mr. JUSTICE ALLOY, dissenting:

I agree with the majority opinion in its treatment of all the issues with the exception of the discussion and determination relating to the issue as to waiver of jury trial. We are dealing here with the situation where there is a specific written waiver of jury in the case which was tried in which defendant was found guilty. There was, however, no written waiver of jury trial in the remaining cases where defendant pleaded guilty. In *People v. Long*, 27 Ill.App.3d 457, 460, 326 N.E.2d 204, 206, we stated specifically:

> "It is clear that defendant is required to demonstrate in what way there was a failure of substantial compliance with Supreme Court Rule 402 (*People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559.) He must also show that such failure to substantially comply resulted in prejudice to defendant. (*People v. Dudey*, 58 Ill.2d 57, 316 N.E.2d 773.)"

We pointed out there that literal compliance with Rule 402 is not required. In the *Long* case the only record before the court was a docket

notation. We accepted that docket notation as sufficient to show substantial compliance with Rule 402. While it is true that in other cases we have pointed out that a failure of a transcript to show an admonition with respect to waiver of jury was a basis for reversal, this presupposes that the report of proceedings is complete and that everything which was said by the trial judge appears in the report of proceedings. In the instant case, the bystander's report was signed in two segments by trial judges, and in each case the trial judge simply certified that the bystander's report be deemed a part of the report of proceedings. Nowhere is there a complete report of proceedings certified. In the light of the written waiver of jury trial and no affirmative showing that there was an omission to admonish as to waiver of jury, I conclude that the defendant has failed to demonstrate that there was a failure of substantial compliance with Rule 402 as to waiver of jury in this case.

I do not believe that this would hold true for the cases in which defendant pleaded guilty, since the certification in that case shows that defendant advised the court that he desired to plead guilty to the three additional offenses and says nothing whatsoever about any admonition to defendant as to those three charges. The effort by the State to submit a bystander's report was not pursued effectively. There is nothing in the record with respect to the three cases in which defendant pleaded guilty to show a waiver of jury trial. As a consequence, I agree that those three cases should be reversed and remanded as indicated in the majority opinion.

In the case which was tried, however, I believe that the written waiver of jury trial was not shown by defendant to have been improperly waived or inadequately explained to defendant, nor was there a complete record from which it could be pointed out that there was no such admonition. As a consequence, I would affirm the conviction of defendant on the charge which was tried, and reverse as to the other charges by reason of the procedure and the record as actually submitted in this cause.