THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL B. VARNOLD, Defendant-Appellant.

Third District   No. 75-261

■■■

Opinion filed January 31, 1977.

Hamm, Hanna & O'Brien, of Peoria (E. Michael O'Brien, of counsel), for appellant.

Carl E. Hawkinson, State's Attorney, of Galesburg (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Cecil B. Varnold, was the elected road commissioner of Maquon Township within Knox County, Illinois. This case is an appeal from the jury verdict and Varnold's conviction of theft of over $150. Defendant allegedly fraudulently procured payment of a 1974 tax anticipation warrant ($2,500 value) to himself to repay and reimburse himself for a 1972 tax anticipation warrant which had been issued to him but for which he had paid nothing and for which he gave no valuable consideration.

Two issues are presented on appeal: (1) Whether defendant was proved guilty of the offense of theft beyond a reasonable doubt; (2) whether the trial court erred in failing to admonish defendant adequately of his right to be represented by counsel pursuant to Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, par. 401).

With regard to the first issue, defendant contends not only that the proof failed to establish beyond a reasonable doubt that he committed the theft, but also that the record failed to prove the requisite felonious

intent on his part. The evidence of guilt as charged is sufficiently confirmed by the record. Various members of the township board of auditors, the township clerk, and the township treasurer testified that two tax anticipation warrants had been issued, one in November 1972, on the representation of the defendant that he would loan the township $2,500 to enable it to begin construction of the Littler Creek Bridge; that the defendant never paid $2,500 to the township, and all bills connected with the project were paid from the township checking accounts. Then the defendant advised the township auditors on January 6, 1974, that $2,500 was needed to pay township bills and asked that they sign another tax anticipation warrant in the sum of $2,500, which they did. The township auditors had never authorized the defendant to exchange the tax anticipation warrant issued January 6, 1974, for the tax anticipation warrant dated November 5, 1972. Further, the defendant was not authorized to obtain a cashier's check on the 1974 tax anticipation warrant payable to himself, as he did.

■■■ Although defendant attempted by his own testimony to prove that he had paid some county debts in connection with the Littler Creek Bridge construction out of his own funds not reflected in other county records, the ultimate question including felonious intent was one of fact and proper for the jury to determine. (*People v. Haycraft* (1972), 3 Ill. App. 3d 974, 278 N.E.2d 877.) The defendant failed to present any bills or other records showing any payment of county debts with his own personal funds. The jury's determination of guilt is not palpably contrary to the manifest weight of the evidence or so unsatisfactory as to justify a reasonable doubt of defendant's guilt and therefore we will not disturb the jury's verdict. *People v. Decker* (1974), 19 Ill. App. 3d 86, 311 N.E.2d 228.

Defendant's second contention, that he was not adequately admonished as to his right to be represented by counsel pursuant to Supreme Court Rule 401 (Ill. Rev. Stat. 1973, ch. 110A, par. 401), is equally without merit. Although defendant was entitled to counsel, that right can be waived and the trial court need not force a defendant to utilize counsel. Case law has interpreted what is substantial compliance with the admonitions prescribed by Supreme Court Rule 401 before a knowing and voluntary waiver of counsel can occur. In *People v. Loscano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835, we were faced with the same issue as here, where the defendant complained that the trial court did not specifically advise him of his right to be represented by counsel. There we stated, "Yet when the record is considered as a whole we believe it conclusively demonstrates that defendant was aware of his right to be represented by an attorney, and making no effort to secure such representation, it can be deemed he waived such right." *People v. Loscano* (1975), 29 Ill. App. 3d 103, 107, 329 N.E.2d 835, 838.

■■ Varnold was not an unsophisticated defendant and we have good reason from the record to conclude he was knowledgeable of his right to representation. On numerous occasions prior to the beginning of the trial the court asked if defendant had retained an attorney. On each occasion defendant indicated he had an attorney but chose not to have him present at that stage of the proceeding. It is sufficiently clear from the record that defendant was not indigent. Defendant stated in open court for the record, "I have counsel on this." When the court requested the name of his attorney defendant refused to tell the court. On another occasion Varnold stated that he had filed a motion at his attorney's instruction requesting a jury trial. Just prior to trial the trial judge again inquired of defendant's attorney and defendant responded that he would not have an attorney with him during trial. Numerous times the trial court sought to impress upon defendant the importance of an attorney and the disadvantage he would have in proceeding without an attorney. We believe defendant voluntarily and with full knowledge waived his right to counsel. The trial court need not specifically force a defendant to utilize an attorney or echo an empty specific admonition of his right to counsel when faced with the repeated insistance of the defendant to proceed without counsel being present. (See *Faretta v. State of California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525. We believe Varnold's choice to proceed pro-se was a conscious and deliberate choice to follow a trial tactic designed to enlist the sympathy of the jury for him. His two-pronged theory of the case was (1) that the money he allegedly took was actually due him, and (2) that the whole matter was a conspiracy directed against him.

Defendant's knowledge and understanding of his right to counsel is particularly demonstrated by his brief opening statement to the jury:

"BY THE COURT: Mr. Varnold.

BY THE DEFENDANT: Ladies and gentlement, a man that comes into court and represents himself, they say he has an idiot for a client, and that is true. We have had a situation in this county, a harassment of us local officials, that we have decided this case has got to be put out in this manner, and I am going to try. I know I can defend my actions there and show a most despicable conspiracy on the part of the state's attorney's office in the harassment of local officials that this state has never seen. Thank you."

Defendant's closing argument also demonstrates his awareness of his right to counsel and that he chose to waive this valuable right as a trial tactic to cause the jury to sympathize with his situation:

"BY THE COURT: Mr. Varnold, you may give your closing summation.

BY MR. VARNOLD: Ladies and gentlemen, this is a very unusual case in that maybe I should have had an attorney, but,

under the circumstances that they put our township to such terrible expense, something that is in no way justified, we are endeavoring to save what we can out of this. \* \* \*."

The instant case is similar to *People v. Bobo* (1975), 33 Ill. App. 3d 274, 337 N.E.2d 227, which is controlling. We conclude on the basis of the record before us that defendant waived his right to counsel in a clear and intelligent manner and that no error occurred in Judge U.S. Collins compliance under difficult circumstances with Supreme Court Rule 401.

Therefore the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

STOUDER, P. J., and STENGEL, J., concur.