THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN TEMPLETON, III, Defendant-Appellant.

First District (1st Division)    No. 77-1248

Opinion filed May 22, 1978.

Leonard Karlin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Mary Ellen Dienes, and Timothy D. McMahon, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

On April 11, 1977, John Templeton III was charged with driving a vehicle while his license was suspended and with operating a vehicle with inadequate mufflers in violation of sections 6—303(a) and 12—602 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—303a and 12—602.) After a bench trial, the trial court found defendant guilty of both charges and fined him $10 plus $10 court costs for operating a vehicle with inadequate mufflers and sentenced him to 40 days in the Cook County Jail for driving while his license was suspended. The defendant now appeals from the judgment of the trial court finding him guilty of driving his vehicle while his license was suspended and the sentence of 40 days imposed pursuant to that conviction.

On appeal defendant contends (1) that he did not knowingly and voluntarily waive his right to counsel; (2) that he did not knowingly and voluntarily waive his right to a jury trial; and (3) that the court erred in allowing into evidence the defendant's driving record.

We reverse and remand.

The facts necessary for the disposition of this appeal are without dispute. On the day of defendant's trial and prior to hearing any testimony concerning the incident, the trial court asked the defendant if he had a lawyer or if he was going to get a lawyer. After the defendant responded in the negative to both questions, the trial court inquired concerning defendant's weekly salary and determined that the defendant was not entitled to a public defender. The trial court then asked the defendant if he would procure counsel if the case were continued. The defendant again responded in the negative. The trial court made no further inquiry or explanation relevant to defendant's right to counsel

and, after questioning the defendant relevant to his right to a jury trial, proceeded to hear testimony concerning the incident.

Defendant first argues that he did not knowingly and intelligently waive his sixth amendment right to counsel. For reasons explained below we agree with this contention and remand the cause for a new trial. In light of this fact we see no need to consider the remaining contentions of error defendant raises in this appeal.

■■ Supreme Court Rule 401 (Ill. Rev. Stat. 1975, ch. 110A, par. 401) provides in part:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
> (1) the nature of the charge;
>
> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>
> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court."

A finding that the right to counsel has been intelligently and voluntarily waived is not to be made lightly (*People v. Melvin* (1975), 28 Ill. App. 3d 1090, 329 N.E.2d 890), and in order for the trial court to ascertain whether the accused fully understands that right and intentionally relinquishes it, more than a routine inquiry is required. *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44, 372 N.E.2d 1014.

It is our conclusion that in the instant case the trial court conducted, at most, a routine inquiry into whether the accused understood his right to counsel and voluntarily waived that right. The trial court determined only that defendant did not have counsel, that he did not plan on procuring counsel if a continuance were granted, and that defendant was not entitled to a public defender. Contrary to the dictates of Supreme Court Rule 401, the trial court never informed the defendant of the nature of the charge against him and never inquired concerning whether the defendant understood that charge.

Moreover, driving a motor vehicle on a suspended license is a Class A misdemeanor punishable with imprisonment for not less than seven days. (Ill. Rev. Stat. 1975, ch. 95½, par. 6—303a.) The maximum penalty for a Class A misdemeanor is less than one year. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—3(a)(1). See also 1974 Op. Atty. Gen. No. 5—841.) Contrary to the dictates of Supreme Court Rule 401, the trial court also failed to

advise the defendant of these minimum and maximum penalties prescribed by law.

The State argues that even if the record does not reflect that the trial court complied specifically with each of the requirements of Rule 401(a), the record reflects a substantial compliance with the requirements of Rule 401(a). In support of this argument the State cites *People v. Losacano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835, and *People v. Varnold* (1977), 45 Ill. App. 3d 724, 359 N.E.2d 1135. Assuming without deciding that substantial compliance is all that is required under Rule 401(a), we find no such substantial compliance in the instant case and believe the instant situation distinguishable from both *Losacano* and *Varnold*. In *Varnold*, the defendant represented to the court on numerous occasions prior to trial that he had counsel. Just prior to trial, Varnold indicated that he would represent himself, and on numerous occasions during trial the court sought to impress upon Varnold the importance of an attorney and the disadvantages of proceeding without counsel. In *Varnold*, the court on appeal concluded that defendant's choice to defend himself was a trial tactic used to elicit sympathy from the jury and found evidence of this in defendant's opening statement. In *Losacano*, the court addressed itself to defendant's contention that the trial court did not specifically advise defendant of his right to be represented by counsel of his own choosing. On appeal, the court in *Losacano* did not discuss Rule 401, nor did the defendant contend that he was not advised of the nature of the charges against him or the minimum or maximum sentences prescribed by law.

■■ On the basis of the instant record, we find no substantial compliance with the requirements of Supreme Court Rule 401(a) and conclude that the defendant did not intelligently and voluntarily waive his right to counsel. For this reason we reverse the judgment of the circuit court of Cook County finding defendant guilty of driving a vehicle with a suspended license and remand the cause for a new trial.

Judgment reversed; cause remanded.

GOLDBERG, P. J., and O'CONNOR, J., concur.