THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHARON HARTZOL, Defendant-Appellant.

Third District   No. 76-118

Opinion filed November 30, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William D. Henderson, State's Attorney, of Macomb, for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
Defendant Sharon Hartzol appeals from a conviction of battery in the Circuit Court of McDonough County, following a jury trial. Defendant was sentenced, as a result, to a term of probation for 1 year, with the first

10 days to be served in the McDonough County Jail. On appeal in this court, defendant contends that the State failed to prove that she was guilty beyond a reasonable doubt, in that the proof presented at the trial failed to establish an intent to commit battery.

From the record it appears that the defendant Sharon Hartzol and the complaining witness, Kathryn Adams, were both students at Western Illinois University in Macomb. Kathryn worked in the food service department at the university. She testified that on February 11, 1975, while she was working the 4:15 to 6:15 shift, the girl, who was later identified as the defendant, came through the serving line where both the entree portion and "second helpings" were being served. Since Kathryn believed that defendant had already been through the line once, and in adherence to the rules of the food service department, Ms. Adams gave defendant only a small portion of shrimp, which is all she would have been entitled to if she had already had an entree. Defendant objected, and claimed that she had not taken an entree on her first trip through the line. An argument ensued and Ms. Adams returned to her position behind the counter. She was subsequently struck in the head with a plate. Ms. Adams could not tell where the plate had come from. As a result of the incident, Ms. Adams received a bruise and a cut forehead. She testified that on the following day, defendant came to her room and apologized for the incident.

A cousin of the complaining witness, corroborated much of Kathryn Adams' testimony. The cousin indicated that at the time of the incident, she was standing a few feet from Kathryn and saw the defendant throw the plate "like a frisbee" and saw the plate fly over the counter and strike Kathryn in the forehead. She testified that the plate did not strike anything before hitting Kathryn and did not shatter prior thereto. Another witness, Sharon Cooper, testified, in behalf of defendant, that she was standing behind defendant when the plate was thrown, and that she thought that the plate was thrown or tossed "aimlessly" since defendant did not turn prior to throwing it. She testified that the plate went from defendant's hand, hit the counter, struck the wall and then hit the complainant.

When defendant took the stand in her own behalf, she indicated that on the day in question when she first went through the serving line, she took only a bowl of peas, since the food service had apparently run out of chicken and did not anticipate having any more meat. Five or ten minutes later the shrimp became available, and when she claimed a right to a full portion rather than a partial portion, which Ms. Adams gave her, the argument ensued. She said she threw the plate when she was nearly out the door, and that she did not look when she threw it. She stated she did not intend to strike Kathryn Adams with the plate and that the throwing of the plate was a "reflex" action. After she had thrown the plate, she

indicated that a man came running out of the kitchen and jumped over the counter toward her. She grabbed some small bowls and prepared to hit him in the face with one of the bowls and testified that she was afraid at that time that he was going to hit her.

The student manager of the food service department, testified in rebuttal for the State that he saw defendant throw the plate like a flying saucer, and that the plate hit Ms. Adams directly in the head. He also testified that defendant was facing Ms. Adams when the plate was thrown.

The jury found the defendant guilty, as we have indicated, and the sentence which followed, was then imposed by the court. Defendant urges on appeal that she was not proven to be guilty beyond a reasonable doubt because the proof presented at the trial failed to establish intent on her part to commit the battery.

It is well established that the intent required for a battery may be shown by surrounding circumstances (*People v. Moore* (1st Dist. 1966), 77 Ill. App. 2d 62, 222 N.E.2d 142). The circumstances in the instant case are clearly sufficient to allow the jury to find that the defendant intended to hit Kathryn Adams with the plate. There is no disagreement that the dispute and argument arose between defendant and the complaining witness, which resulted in the defendant shouting profanities at Ms. Adams. There is also no dispute that defendant threw the plate which struck Ms. Adams. The only disagreement is whether the defendant threw the plate "aimlessly" as testified by a defense witness, or whether she threw it purposefully. While it is true that there is no direct evidence that defendant threw the plate with the intent of hitting Ms. Adams, the jury was justified in finding that such was her purpose. A person is presumed to intend the natural and probable consequences of his or her deliberate acts (*People v. Coolidge* (1963), 26 Ill. 2d 533, 187 N.E.2d 694). The jury in the instant case was warranted, on the basis of the evidence presented, in finding that defendant, standing in the position looking toward complainant and throwing the plate in her direction, had intent to hit her with the plate. The plate actually hit Ms. Adams in the forehead, causing a bruise and a cut to Ms. Adams.

We do not believe that this case is comparable to *People v. Barrington* (3d Dist. 1973), 15 Ill. App. 3d 445, 304 N.E.2d 525. We do not believe that the evidence could only justify a finding of recklessness or gross negligence.

For the reasons stated, therefore, the judgment of the Circuit Court of McDonough County finding defendant guilty of battery is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.