THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* REDMOND NEELEY, Defendant-Appellant.

Third District   No. 79-351

Opinion filed December 21, 1979.

Lance Haddix, of Chicago, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Redmond Neeley, was convicted in the Circuit Court of Kankakee County of battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—3(a)),

and was sentenced to one weekend in jail and a $100 fine. On appeal from his conviction, the defendant raises four issues for our consideration: First, did the State fail to introduce any evidence showing the defendant acted intentionally or knowingly, as required by section 12—3(a) of the Criminal Code; second, did the State fail to prove the defendant guilty beyond a reasonable doubt; third, does the record fail to establish that the defendant knowingly waived his constitutional right to a trial by jury; and finally, did the defendant receive competent representation at his trial on the merits.

The only witness to testify at defendant Neeley's trial was the victim, Barbara Mathias. She testified that on March 22, 1978, both she and Neeley were employed at Manteno State Hospital. Ms. Mathias was a cook, and the defendant a "support two worker" who also worked in the hospital's kitchen. On this particular day there was a shortage of kitchen workers, and consequently Ms. Mathias was helping to load serving trays with food as the trays passed by on a conveyor belt. The defendant's job was to stack the loaded trays for delivery to the various wards.

After the conveyor belt had begun moving, Ms. Mathias heard a tray fall to the floor. She then noticed that Neeley was not in his proper position, but across the room eight or 10 feet away. At this time Ms. Mathias told the defendant "would you say [*sic*] here so we can get done, I have fifty chickens to bone before lunch," and she bent down to turn off the conveyor belt. Suddenly, she was struck in the forehead with one of the serving trays. The victim did not actually see the defendant throw the tray. However, Neeley was only three or four feet away from Ms. Mathias at the time she was struck, and was the person nearest her when the incident occurred (all others present were 10 or 12 feet away). In addition, no one other than the defendant was in front of the victim when she was struck. Ms. Mathias believed that the tray had been thrown across the conveyor belt because the conveyor was between her and the defendant. It was on the basis of this testimony alone that Neeley was convicted.

■■ Section 12—3(a) of the Criminal Code provides that "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." The defendant first contends that the record is devoid of any direct evidence that he acted "intentionally or knowingly" as required by the battery statute. We agree with the defendant on this particular point. However, the absence of any direct evidence of the defendant's state of mind is not fatal to the State's case. The intent to commit a battery may be shown by the circumstances surrounding the incident (*People v. Hartzol* (1976), 43 Ill. App. 3d 924, 357 N.E.2d 729). In *Hartzol*, the defendant,

after arguing with the complainant victim, threw a dinner plate in her direction and struck her in the forehead. Although the defendant testified at her trial that she did not intend to strike the victim with the plate, this court found that the surrounding circumstances were sufficient to allow the jury to find the defendant acted with the requisite intent and affirmed her battery conviction.

In determining whether the intent to commit a battery can be shown by the surrounding circumstances in the instant case, we do not find *Hartzol* to be factually dispositive, as the State urges. In *Hartzol*, a number of witnesses saw the defendant throw the plate, and the defendant herself admitted that she threw the plate which struck the victim. In the case at bar there is no direct evidence that the defendant struck Ms. Mathias with the tray. The only circumstantial evidence which can reasonably be said to lead to the conclusion that the defendant threw the tray is Ms. Mathias' testimony that: (1) the defendant was the only one in front of the victim when she was struck; (2) the defendant was only three or four feet away from the victim, with all other employees present being 10 to 12 feet away; (3) prior to her being struck, the victim rebuked the defendant for not being at his assigned place. As a consequence, the threshold question is whether the trial court was correct in finding that the State proved beyond a reasonable doubt that the defendant struck Ms. Mathias with the tray. Our resolution of this question necessarily disposes of the defendant's second issue, *i.e.*, was he proven guilty of battery beyond a reasonable doubt. Whether the defendant was proven guilty beyond a reasonable doubt in this case hinges upon whether the evidence presented is sufficient to prove beyond a reasonable doubt that the defendant struck Ms. Mathias with the tray. If we find that the trial court was correct in holding that on the basis of the evidence presented the State proved beyond a reasonable doubt that Neeley did in fact strike the victim, then the intent to commit a battery exists and the defendant's conviction was proper. *Hartzol.*

▪▪ In *People v. Reese* (1973), 54 Ill. 2d 51, 58, 294 N.E.2d 288, 291, the court stated: "A court of review will not set aside a finding of guilty unless the evidence is so palpably contrary to the finding or so unreasonable, improbable, or unsatisfactory as to cause reasonable doubt as to the guilt of the accused. *People v. Sumner*, 43 Ill. 2d 288." Is Ms. Mathias' testimony so unreasonable, improbable, or unsatisfactory as to raise a reasonable doubt of Neeley's guilt? We think not. Not only was Neeley the person standing closest to the victim at the time of the incident, but he was the only one who was in a position to strike Ms. Mathias in the forehead. In addition, Ms. Mathias' rebuke of Neeley prior to the battery provides the likely motivation for defendant to strike her. It is true that Ms. Mathias did not see who struck her. However, it is not unusual for the

victim of a violent crime, attacked unawares, to be unable to identify the attacker. The testimony of Ms. Mathias leads inescapably to the conclusion that the defendant struck her with the tray. No one took the witness stand to refute her testimony. We hold that the State met its burden in proving that the defendant struck Ms. Mathias, that the circumstances are sufficient to find that the defendant acted intentionally, and that consequently the defendant was properly found guilty beyond a reasonable doubt.

■ The two remaining issues can be dispensed with easily. The defendant argues that the evidence fails to establish that he understandingly waived his right to a jury trial. The record reveals that when this case was called for a jury trial, defendant's attorney, Christopher Bohlen, with Neeley present, stated, "Your Honor, at this time, we'll withdraw the jury request and enter a jury waiver which is being signed right there. Signed right now by the defendant." The defendant did not object to his attorney's actions.

In *People v. Murrell* (1975), 60 Ill. 2d 287, 290, 326 N.E.2d 762, 764, the Illinois Supreme Court reaffirmed that "a defendant who permits his attorney, in his presence and without objection, to waive his right to a jury trial is deemed to have acquiesced in and is bound by, his attorney's action." (Accord, *People v. Sailor* (1969), 43 Ill. 2d 256, 253 N.E.2d 397.) The *Murrell* case clearly governs here and disposes of this particular issue. The cases cited to us by the defendant, *People v. Vanderwerff* (1978), 57 Ill. App. 3d 44, 372 N.E.2d 1014, and *People v. Loscano* (1975), 29 Ill. App. 3d 103, 329 N.E.2d 835, are distinguishable. In *Vanderwerff*, the defendant appeared *pro se* and " '* * * the record is silent * * * of anything from which it can be inferred defendant expressly and understandingly waived his right to trial by jury * * *.' " (57 Ill. App. 3d 44, 52, 372 N.E.2d 1014, 1021, quoting *Loscano*, 29 Ill. App. 3d 103, 109, 329 N.E.2d 835, 840.) In *Loscano* the defendant also appeared *pro se,* with the record similarly silent. Both cases are quite different from the instant case, where defendant is present in court and remains silent as his attorney waives a trial by jury. We hold the defendant to be bound by his, and his attorney's, action.

The final issue raised by the defendant on appeal is whether he received ineffective or incompetent representation at trial. Trial counsel for defendant was an assistant public defender. In *People v. Hills* (1979), 71 Ill. App. 3d 461, 467, 389 N.E.2d 873, 877, quoting *People v. Goerger* (1972), 52 Ill. 2d 403, 409, 288 N.E.2d 416, 419, we recited the standard to be applied in determining the competency of appointed trial counsel:

> "In order to establish lack of competent representation at trial, it is necessary to demonstrate 'actual incompetence of counsel,' as reflected by the manner of carrying out his duties as a trial

532

attorney' which results in substantial prejudice without which the outcome would probably have been different."

■ The record reveals that defendant's appointed counsel objected several times during the direct examination of Ms. Mathias, cross-examined Ms. Mathias to a considerable degree, and moved for acquittal at the close of his case on the grounds that the State had not proven every element of the offense beyond a reasonable doubt. We find no "actual incompetence of counsel" here.

For the above reasons, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

STOUDER, P. J., and SCOTT, J., concur.