THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE GASTON, JR., Defendant-Appellant.

(No. 70-212;

Second District—June 14, 1971.

Morton Zwick and E. Roger Horsky, both of Defender Project, of Chicago, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, (K. Craig Peterson, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Upon a negotiated plea of guilty, defendant was sentenced to a term of 1-5 years and appeals on the sole contention that he did not expressly and understandingly waive his right to a trial by jury.

In a two count indictment, defendant was charged with robbery and mob action. At the time, he was on probation for having committed

a felony. On arraignment, he entered a plea of not guilty and thereafter, he, his counsel and the State, entered into plea bargaining. On August 3, 1970, in open court, he withdrew his plea of not guilty, and the court was informed that the parties had negotiated a plea agreement. The agreement, related by the prosecutor, was that upon a plea of guilty to count II (mob action), the State would dismiss count I (robbery), and agree to a sentence of from 1-5 years. The defendant was asked if he had discussed the plea with his attorney and responded, "Yes." The court further inquired, "Is there anything about it you don't understand;" and the defendant replied, "No." The prosecutor then related the factual basis of the offense and the court entered sentence.

Except for a written waiver of jury signed by the defendant, the record is *completely silent* with respect to the defendant's right to a jury trial. This, alone, would have been reversible error were it not for the written waiver. (*Boykin v. Alabama* (June 2, 1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709.) Long prior to *Boykin,* our Supreme Court, in *People v. Fisher* (1930), 340 Ill. 250, 265, stated:

"* * * Upon the trial court is imposed the duty to see that an accused person's election to forego such a trial is not only expressly but also understandingly made. The performance of that duty involves a responsibility which cannot be perfunctorily discharged."

See also, *People v. Brown,* 130 Ill.App.2d 672, 267 N.E.2d 16 and *People v. Garner,* 130 Ill.App.2d 932, 267 N.E.2d 38.

However, there remains the question of whether the signed jury waiver, in and by itself, was sufficient to result in a relinquishment of the defendant's constitutional right to a jury trial.

We hold that it was not.

To constitute a proper jury waiver, the record must affirmatively show (1) an expression on the part of the defendant that he desires to reject his right to be tried by a jury and (2) that he do so understandingly and voluntarily after interrogation by the court. In the instant case, the written waiver met the first provision. However, the record being totally silent on the issue of waiver of jury, the second essential requirement was not met.

As stated in *People v. Rambo* (1970), 123 Ill.App.2d 299, 303:

"A written waiver, as well as an oral waiver, may be an express waiver if it is properly and knowingly made; but signing a printed form has become such a routine formality that a perfunctory signing—without proof that the form was read by the defendant and understood by him —cannot be accepted as a substitute for an express waiver, understandingly made after careful interrogation by the court."

See also, *People v. Rosen* (1970), 128 Ill.App.2d 82, 85.

For the reasons stated, the defendant's conviction is reversed and remanded with directions to allow the defendant to withdraw his plea of guilty and plead anew.

Reversed and remanded with directions.

ABRAHAMSON and KRAUSE, JJ., concur.