THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE LEE KENNEL, Defendant-Appellant.

(No. 71-173;

Fifth District—August 8, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On May 4, 1971, defendant, Willie Lee Kennel, pleaded guilty in the Circuit Court of St. Clair County to two separate offenses of unlawful

possession of heroin. Pursuant to his negotiated plea he was sentenced to the penitentiary for a term of not less than five nor more than ten years on each offense, the sentences to run concurrently with each other and with a previous sentence for burglary. His appeal is directed solely to a request for a reduction in his sentence commensurate with the provisions of the Illinois Uniform Code of Corrections (Ill. Rev. Stat., ch. 38, sec. 1005—8—1(b)(4)), which became effective December 31, 1972.

Defendant was convicted of a violation of the Narcotic Drug Act. (Ill. Rev. Stat., ch. 38, sec. 22—40.) This Act was repealed and replaced by the Controlled Substances Act, effective August 16, 1971 (Ill. Rev. Stat., ch. 56½, sec. 1100, *et seq.*) Section 1402(b) of this latter Act provides that an individual convicted of possessing less than 30 grams of heroin is guilty of a Class 3 felony. The Uniform Code of Corrections, which was subsequently adopted, provides that the punishment for a Class 3 felony shall be an indeterminate sentence with a maximum term in excess of one year and not exceeding ten years (Sec. 1005—8—1(b) (4), and a minimum term of one year, unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term which shall not be greater than one-third of the maximum. (Sec. 1005—8—1(c)(4)).

We agree with defendant's contention. In *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1 it was held that prior to final adjudication, and while a case is pending on direct appeal, the penalties in the Controlled Substances Act are applicable and that the same is true with the Uniform Code of Corrections Act. We likewise have held that the Uniform Code is applicable to currently pending appeals from sentences imposed under a prior statute. *People v. Williams*, 294 N.E.2d 98; *People v. Shadowens*, 294 N.E.2d 107.

In the case before us it is apparent that the sentence imposed does not comply with the Uniform Code in that the minimum sentence exceeds one-third of the maximum. The record is also devoid of any information relative to any special circumstances that should be considered in setting the minimum term. Therefore, we affirm the judgment of the Circuit Court of St. Clair County convicting defendant, but we vacate the sentence imposed and remand the cause to said court for reconsideration and the imposition of a sentence in compliance with the provisions of the Uniform Code of Corrections.

Affirmed in part, reversed in part and remanded with directions.

G. MORAN, P. J., and JONES, J., concur.