NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220746-U

NO. 4-22-0746

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 5, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| KAREN D. BLACKLEDGE, | ) | No. 21CF714 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Amy Christine Lannerd, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice DeArmond and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:  (1) The trial court did not abuse its discretion in denying defendant's motion to withdraw her guilty plea.

(2) Postplea counsel strictly complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2     Defendant, Karen D. Blackledge, appeals from the trial court's judgment denying her motion to withdraw her guilty plea. On appeal, defendant argues (1) the court erred in denying her motion where the record shows her jury waiver was not knowingly and voluntarily made and (2) the record refutes postplea counsel's certification that she strictly complied with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). We affirm.

¶ 3                        I. BACKGROUND

¶ 4    In November 2021, the State charged defendant with two counts of home invasion (720 ILCS 5/19-6(a)(1), (6) (West 2020)) (counts I and II) and one count each of aggravated kidnapping (*id.* § 10-2(a)(5)) (count III), aggravated vehicular hijacking (*id.* § 18-4(a)(1)) (count IV), aggravated criminal sexual assault (*id.* § 11-1.30(a)(1)) (count V), and residential burglary (*id.* § 19-3) (count VI).

¶ 5    On November 16, 2021, the State filed a "Pretrial Services Bond Report" concerning defendant. According to the report, in addition to numerous traffic-related offenses, defendant had been convicted of four felonies and five misdemeanors prior to this case.

¶ 6    On February 25, 2022, defense counsel informed the trial court at a pretrial hearing that although the parties were still in the process of negotiating a plea agreement, they had agreed upon "a general framework" and defendant "wishes to waive her right to [a] jury trial." The parties and the court then had the following discussion:

"THE COURT: All right. So, [defendant], is that all correct?

THE DEFENDANT: Yes, sir.

THE COURT: You don't have a fully negotiated plea yet, but you're working towards that; correct?

THE DEFENDANT: Yes and no. I would like to have a plea today.

THE COURT: Okay. Well, it doesn't sound like there may be a plea today. But they indicate your willingness to waive your right to jury trial; is that correct?

THE DEFENDANT: Yeah, something like that.

MR. JONES [(ASSISTANT STATE'S ATTORNEY)]: Judge, so the Court's aware, I'll make a record of it. We are working on a number. There have

been some proposals back and forth. They're waiving with the understanding that we can work towards a number that they suggest, and I'm not agreeing to the number that [defense counsel] has suggested to my office, but I'm certainly willing to continue the negotiations. And we're waiting for some DNA evidence that may—that may get us closer to one way or the other on the number. So that's—

THE COURT: But there's not a fully negotiated plea?

MR. JONES: There is not a fully negotiated plea at this point.

THE COURT: Okay.

MR. PRATT [(DEFENSE COUNSEL)]: What I can tell the Court is we have essentially an agreement on what charges she'd be pleading to.

THE COURT: Okay.

MR. PRATT: And we have a range of what the potential sentence would be that we're working on narrowing down even further.

THE COURT: Okay.

MR. PRATT: As Mr. Jones has said, we've had continuing conversations. Those DNA results may affect that. But my client is eager to have this removed from the jury docket and have the case resolved.

THE COURT: All right. So, [defendant], if I understand that, there's going to be an agreement on the charges you're going to plead to. There's just not a full agreement on what potential—or what the sentence may be; is that correct?

THE DEFENDANT: Yes, that's what I'm guessing.

THE COURT: Okay. I didn't hear her. I'm guessing?

THE DEFENDANT: I'm—yes.

THE COURT: Okay. Let's try this again. Okay. So if I understand counsel correctly, there's not an agreement on the specific sentence, but there is an agreement on what you are going to plead to; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And so based on that, you're willing to waive your right to jury trial today; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Anyone make any threats or promises to get you to do that other than what's been stated in court?

THE DEFENDANT: No, sir.

THE COURT: You're doing this of your own free will?

THE DEFENDANT: Yes, sir.

THE COURT: To this point, you're satisfied with Mr. Pratt's representation of you in this matter?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Court will find the waiver to be knowingly and voluntarily made ***."

Defendant also signed a "Waiver of Jury" form, which was filed the same day the pretrial hearing was conducted. It provides as follows:

"AND now on this 24th day of February 2022, the said Karen Blackledge, the defendant, herein, and in open court, and of [her] own free will, and in

- 4 -

writing, waives [her] right to a jury trial, in the above entitled cause, and consents to a trial by the Court, without a Jury.

THE ABOVE WAIVER of a trial by Jury was acknowledged and subscribed to before me by the above named defendant."

¶ 7        On April 1, 2022, the parties presented a proposed plea agreement to the trial court. Based on the terms of the agreement, defendant would plead guilty to home invasion and aggravated criminal sexual assault, counts I and V, respectively, and the State would cap its sentencing recommendation at 20 years' imprisonment for each count and dismiss the remaining charges. The court admonished defendant as follows:

"THE COURT: You have certain constitutional rights. You have a right to an attorney. You have a right to a speedy, public trial, either a jury trial, and in this case, you've waived your right to a jury trial previously but there still remains a trial before a judge. You're presumed to be innocent of the charges against you and it is the prosecution who has the burden of proving your guilt beyond a reasonable doubt. You don't have to prove anything. You have a right to be present at all times. You have a right to remain silent. Whether you testify or not is your decision. You have a right to confront witnesses and your attorney may cross-examine the State's witnesses. And you have a right to plead guilty or not guilty.

Do you understand these constitutional rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you understand that if you plead guilty to these offenses, you would be waiving or giving up all of your trial rights?

THE DEFENDANT: Yes, ma'am."

Following the court's admonishments, defendant pleaded guilty to counts I and V. As a factual basis for count I, the State indicated it would present evidence that defendant and "a charged co-defendant in a different case" entered a residence they knew to be occupied while armed with a dangerous weapon and "used force upon a person in that residence." With respect to count V, the State indicated it would present evidence that defendant, "charged under an accountability theory for the actions of a charged co-defendant, committed an act of sexual penetration through the use of force, and in that process, displayed or threatened to use a deadly weapon." The court found defendant's guilty pleas were "knowingly, voluntarily, and understandably made and supported by a factual basis." It then continued the proceedings for sentencing.

¶ 8 On May 5, 2022, the trial court conducted a sentencing hearing. The court stated it was accepting the terms of the negotiated plea agreement and sentenced defendant to 20 years' imprisonment on each count, with the sentences to be served consecutively.

¶ 9 On June 3, 2022, the circuit clerk's office filed a *pro se* letter from defendant to the trial court and the circuit clerk's office seeking, in pertinent part, to withdraw her guilty plea. She alleged defense counsel "really didn't explain my case [and] charges to me or what would happen if and when I withdrew my right to a trial." The court set the matter for a June 7 status hearing. At the hearing, defendant informed the court that she wished to withdraw her guilty plea and have counsel appointed to assist her in filing an amended motion to withdraw her guilty plea. The court indicated it would treat defendant's *pro se* letter as a timely-filed motion to withdraw her guilty plea and appointed counsel to assist her in amending the motion.

¶ 10 On July 27, 2022, defendant, through appointed postplea counsel, filed an amended motion to withdraw her guilty plea, alleging, "The February 25, 2022[,] transcript

where [defendant] waived jury, showed that she did not have a full understanding at the time ***." Postplea counsel attached a facially-compliant Rule 604(d) certificate to the motion. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). She did not attach any affidavits or additional documentation to the motion.

¶ 11       On August 19, 2022, the trial court conducted a hearing on defendant's motion. No evidence was presented at the hearing. Postplea counsel argued that defendant gave "very vague answers when she was asked if it was her wish to waive her jury trial right," and "[i]t does not seem that she understood the consequences of waiving her jury trial." The State argued defendant was "playing games" and was simply "asking this Court to let her change her mind." Following the arguments of the parties, the court denied the motion. The court found the record confirmed defendant's jury waiver "was her free and voluntary act as well." It further noted that, "while some of her statements may have been manners of speech or could be construed as to using the phrase 'guess,' it was ultimately clarified by the Court with regards to that waiver and found it to be knowingly and voluntarily made."

¶ 12       This appeal followed.

¶ 13                    II. ANALYSIS

¶ 14       On appeal, defendant argues (1) the trial court erred in denying her motion to withdraw her guilty plea where the record shows her jury waiver was not knowingly and voluntarily made and (2) the record refutes postplea counsel's certification that she strictly complied with Rule 604(d).

¶ 15            A. The Motion to Withdraw Guilty Plea

¶ 16       First, defendant argues the trial court erred in denying her motion to withdraw her guilty plea because "the record does not establish that [she] knowingly and intelligently waived

her right to a jury trial." Specifically, defendant contends that "[b]y not explaining to [her] about her right to a jury trial and what that meant before accepting her guilty plea ***, the trial court failed to fulfill its duty to ensure [she] waived her right to a jury trial 'expressly and understandingly.' " (quoting *People v. Bannister*, 232 Ill. 2d 52, 66 (2008)). Defendant further asserts, relying on *People v. Gaston*, 132 Ill. App. 2d 900, 901 (1971), that her signed jury waiver form, standing alone, was insufficient to constitute a valid jury waiver.

¶ 17        "A defendant does not have an absolute right to withdraw his guilty plea [citation], but a defendant should be allowed to withdraw his plea where his plea was not constitutionally entered." *People v. Manning*, 227 Ill. 2d 403, 412 (2008). "A defendant may challenge the constitutionality of his guilty plea *** by alleging that the plea of guilty was not made voluntarily or with full knowledge of the consequences." *Id.* We will not disturb a trial court's ruling on a motion to withdraw a guilty plea absent an abuse of discretion. *Id.* at 411-12. "A trial court abuses its discretion only when its ruling is arbitrary, fanciful or unreasonable or where no reasonable man would take the view adopted by the trial court." (Internal quotation marks omitted.) *People v. Santos*, 211 Ill. 2d 395, 401 (2004).

¶ 18        The right to a jury trial is a fundamental right guaranteed by the United States Constitution and the Illinois Constitution of 1970. U.S. Const., amends. VI, XIV; *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968); Ill. Const. 1970, art. I, §§ 8, 13. The right to a jury trial also includes the right to waive a jury trial. *Bannister*, 232 Ill. 2d at 65. For a jury waiver to be valid, it must be made knowingly and voluntarily. *Id.* Section 103-6 of the Code of Criminal Procedure of 1963 provides: "Every person accused of an offense shall have the right to a trial by jury unless [it is] understandingly waived by defendant in open court ***." 725 ILCS 5/103-6 (West 2020). Pursuant to these constitutional and statutory requirements, our supreme court has

"imposed on a trial court the duty of ensuring that a defendant waives the right to a jury trial expressly and understandingly." *Bannister*, 232 Ill. 2d at 66; see also *Gaston*, 132 Ill. App. 2d at 901 ("To constitute a proper jury waiver, the record must affirmatively show (1) an expression on the part of the defendant that he desires to reject his right to be tried by a jury and (2) that he do[es] so understandingly and voluntarily after interrogation by the court."). "[A] trial court need not give any specific admonition or advice for a defendant to make an effective jury waiver." *Bannister*, 232 Ill. 2d at 66. "The determination of whether a jury waiver is valid cannot rest on any precise formula, but rather depends on the facts and circumstances of each particular case." *Id.* "Although a signed jury waiver alone does not prove a defendant's understanding, it is evidence that a waiver was knowingly made." *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. "Reviewing courts may also consider a defendant's prior interactions with the justice system in determining whether a jury waiver was made knowingly." *Id.*

¶ 19     We find the analyses in *Reed* and *People v. Winters*, 2020 IL App (2d) 180784, to be instructive, as the facts in those cases are similar to those now before us. In *Reed*, like in this case, the defendant argued the trial court had failed to ensure his jury waiver was knowing and voluntary, asserting "the court did not question him on his understanding of that right or the ramifications of waiving it" or "advise him of the nature of a jury trial, the difference between a bench and a jury trial, or that a judge would decide the facts rather than a jury." *Reed*, 2016 IL App (1st) 140498, ¶ 4. The *Reed* court rejected the defendant's argument, concluding instead that the facts and circumstances supported the trial court's finding that the jury waiver was knowingly and voluntarily made. *Id.* ¶ 8. Specifically, the *Reed* court held that the following facts and circumstances supported the trial court's finding: (1) defense counsel indicated his desire to proceed by way of a bench trial in the defendant's presence, and the defendant did not

- 9 -

object or ask any questions; (2) the defendant submitted a signed waiver, and the court asked him if he had in fact signed the waiver; (3) the court asked the defendant if he had been threatened or promised anything in exchange for waiving his right to a jury trial or whether the waiver was voluntary; and (4) the defendant's criminal history—including eight felony convictions and multiple misdemeanor convictions—"indicate[d] a familiarity with the criminal justice system, and a familiarity with his right to a trial by jury." *Id.*

¶ 20　　　　　In *Winters*, the appellate court rejected the defendant's argument "that his jury waiver was unknowing and involuntary, where it was made in exchange for the State's agreement to a 20-year sentencing cap." *Winters*, 2020 IL App (2d) 180784, ¶ 10. After addressing and rejecting the defendant's argument, the *Winters* court concluded by additionally finding the "defendant's colloquy with the trial court and the particular facts and circumstances surrounding [the] case" demonstrated the jury waiver was knowing and voluntary:

> "[T]he record shows that the trial court specifically asked defendant whether, after consulting with his attorney, he desired to give up his right to a jury trial, and defendant stated on the record that it was his desire. Defendant acknowledged that he was not threatened by anyone or promised anything other than the sentencing cap of 20 years to convince him to waive his right to a jury trial. Defendant acknowledged that he understood that, once he waived his right to a jury trial, he could not 'come back tomorrow or the next day and say, I changed my mind, I want to have a jury trial after all.' He acknowledged that it was an 'irrevocable decision.' Thus, the record before us clearly shows that defendant was well aware his case would be decided by a judge rather than a jury." *Id.* ¶¶ 21, 23.

¶ 21        Here, the record shows defendant's jury waiver was knowing and voluntary. In defendant's presence, defense counsel indicated defendant wished to waive her right to a jury trial. Defendant did not object or ask any questions in response to counsel's assertion. The trial court asked defendant if she wished to waive her right to a jury trial, and she stated she did. The court also asked if she had been threatened or promised anything in exchange for her waiver, and she stated she had not. Additionally, defendant signed a jury waiver form. While it is true the court did not specifically explain to defendant what a jury trial involved, it does not follow that she did not understand what a jury trial was or the right she was waiving. As was the case in *Reed*, defendant "has an extensive history with the criminal court system." *Reed*, 2016 IL App (1st) 140498, ¶ 8. According to the "Pretrial Services Bond Report," in addition to numerous traffic-related offenses, defendant had been convicted of four felonies and five misdemeanors prior to this case. This extensive criminal history "indicates a familiarity with the criminal justice system" (*id.*), and it would not be unreasonable to conclude defendant had gained an understanding of what a jury trial entailed through her prior involvement with the criminal justice system. Given defendant's colloquy with the court, the signed jury waiver form, and her extensive history with the criminal court, we find the court did not abuse its discretion in rejecting defendant's argument and denying her motion to withdraw her guilty plea.

¶ 22        We find defendant's reliance on *Gaston* unpersuasive. In *Gaston*, the appellate court held that a signed jury waiver, "in and by itself," was insufficient to constitute a valid waiver. *Gaston*, 132 Ill. App. 2d at 901. In that case, "[e]xcept for a written waiver of jury signed by the defendant, the record [was] [c]ompletely silent with respect to the defendant's right to a jury trial." (Emphasis omitted.) *Id.* The *Gaston* court noted that, "[t]o constitute a proper jury waiver, the record must affirmatively show (1) an expression on the part of the defendant that he

desires to reject his right to be tried by a jury and (2) that he do[es] so understandingly and voluntarily after interrogation by the court." *Id.* The *Gaston* court found that the written waiver satisfied the first provision. *Id.* "However, the record being totally silent on the issue of waiver of jury, the second essential requirement was not met." *Id.* Here, defendant argues that, like in *Gaston*, "the record *** is silent on 'the second essential requirement' of a proper jury waiver." We disagree. As discussed above, the trial court asked defendant if she wished to waive her jury right and whether she had been threatened or promised anything in exchange for the waiver. Defendant indicated she wished to waive her right and that no one had threatened her or promised her anything. Thus, contrary to defendant's assertion, the record in this case is not totally silent on the issue of the jury waiver, and we find her reliance on *Gaston* misplaced.

¶ 23                                    B. Rule 604(d)

¶ 24          Next, defendant argues that although postplea counsel filed a facially-compliant Rule 604(d) certificate, she nonetheless failed to strictly comply with Rule 604(d) by failing to attach an affidavit or other evidence to the motion to withdraw guilty plea in support of the allegations raised therein. Specifically, defendant asserts the record refutes counsel's certification that she made any amendments necessary to adequately present the claim to the trial court because "counsel included no affidavit from [defendant] as to her understanding, or lack thereof, as to what a jury trial entailed nor any other affidavits from potential pertinent witnesses including trial counsel." "The question of whether defense counsel complied with Rule 604(d) is subject to *de novo* review." *People v. Neal*, 403 Ill. App. 757, 760 (2010).

¶ 25          Rule 604(d) governs appeals from convictions entered on pleas of guilty. It provides a defendant must file the appropriate postplea motion within 30 days of the imposition of sentence and, in conjunction with the motion, the defendant's attorney must:

- 12 -

"file with the trial court a certificate stating that the attorney has

consulted with the defendant either by phone, mail, electronic

means or in person to ascertain defendant's contentions of error in

the sentence and the entry of the plea of guilty, has examined the

trial court file and both the report of proceedings of the plea of

guilty and the report of proceedings in the sentencing hearing, and

has made any amendments to the motion necessary for adequate

presentation of any defects in those proceedings." Ill. S. Ct. R.

604(d) (eff. July 1, 2017).

¶ 26 "Rule 604(d) is designed to ensure that any potential errors in the entry of a guilty plea are brought to the trial court's attention prior to the filing of an appeal." *People v. Easton*, 2018 IL 122187, ¶ 29. "[T]he rule's certificate requirement is meant to enable the trial court to ensure that counsel has reviewed the defendant's claim and considered *all* relevant bases for the motion to withdraw the guilty plea or to reconsider the sentence." (Emphasis in original.) *People v. Tousignant*, 2014 IL 115329, ¶ 16. "It is firmly established that the certificate filed by counsel must strictly comply with the requirements of Rule 604(d). [Citation.] If the certificate fails to meet this standard, a reviewing court must remand the case to the trial court for proceedings that strictly comply with Rule 604(d)." *Easton*, 2018 IL 122187, ¶ 26.

¶ 27 Generally, to determine compliance with the rule, a court need only look to the face of the certificate itself. See, *e.g.*, *Neal*, 403 Ill. App. 3d at 760. However, a facially-compliant certificate may be found in violation of the rule where it is undermined by the record. See *id.* ("[W]e may consider the record where it undermines the certificate filed."); see also *People v. Herrera*, 2012 IL App (2d) 110009, ¶ 13 ("Unless the record undermines the

certificate, *** the only thing we consider in determining compliance with Rule 604(d) is the certificate itself."); *People v. Love*, 385 Ill. App. 3d 736, 739 (2008) ("Where *** the record impeaches the Rule 604(d) certificate, a remand for further proceedings is necessary."). "When the motion is based on facts that do not appear of record it shall be supported by affidavit ***." Ill. S. Ct. R. 604(d) (eff. July 1, 2017); see also *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 9 ("As seen, under Rule 604(d), facts that do not appear of record must be supported by an affidavit. Thus, to fulfill her duty to amend defendant's motion, counsel had to attach an affidavit substantiating the new allegations.").

¶ 28        Defendant cites *People v. Winston*, 2020 IL App (2d) 180289, in support of her contention that the allegations in her motion were based on facts outside of the record and therefore needed to be supported by affidavit or other evidence. In *Winston*, the defendant alleged that "there were some questions as to whether or not [defendant's guilt could] be proved based on all of the evidence that's been tendered by the State's Attorney's Office." (Internal quotation marks omitted.) *Id.* ¶ 3. At the hearing on the defendant's motion to withdraw the guilty plea, the defendant sought to admit four exhibits in the form of written statements made by individuals with information that supported the defendant's claim. *Id.* ¶ 8. The trial court denied the request, stating, "[W]e should have a witness here or at least someone to substantiate those documents and statements as well." (Internal quotation marks omitted.) *Id.* ¶ 9. The trial court ultimately denied the motion, reasoning that, "[m]ost, if not all of the evidence testified at the hearing was available to the defendant, and she has failed to present any other witnesses or affidavits to show that there was favorable testimony supporting a reasonable doubt as to her guilt." (Internal quotation marks omitted.) *Id.* ¶ 10. On appeal, the *Winston* court found the record refuted counsel's facially-compliant certificate. *Id.* ¶ 21. It stated that "counsel was

obligated to advance [the defendant's] argument in an amended motion supported by affidavits from the witnesses whose testimony supposedly would have exonerated defendant." *Id.* ¶ 15.

¶ 29 We find *Winston* distinguishable from the instant case. In *Winston*, the defendant's claim was based on allegations that specifically referred to individuals who possessed exculpatory information, and that information did not appear in the record. Thus, the only way the defendant could have proven her claim was by locating the relevant individuals and presenting the new information to the trial court. Because defense counsel failed to do so, she failed to adequately present the claim to the court, in violation of Rule 604(d). Here, on the other hand, defendant's claim is based entirely on facts that appear in the record. Unlike the defendant in *Winston*, defendant does not identify an occurrence outside of the record or a specific individual with information outside of the record that would support her claim. Instead, defendant asserted only that she was not adequately admonished about her right to a jury trial before waiving the right. The only evidence defendant could have pointed to in support of her claim was the transcript of the report of proceedings for the hearing at which the court admonished defendant about her right to a jury trial and defendant waived her right. Counsel properly cited this transcript in the amended motion to withdraw the guilty plea. Because none of the allegations in defendant's motion were based on facts outside of the record, counsel was not required to attach any affidavits or other evidence to the motion. Thus, we find the record does not refute counsel's Rule 604(d) certificate.

¶ 30                                     III. CONCLUSION

¶ 31 For the reasons stated, we affirm the trial court's judgment.

¶ 32 Affirmed.